McGREGOR W. SCOTT
United States Attorney
MATTHEW THUESEN
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:   (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>                    v.<br><br>CORY BECK,<br><br>                              Defendant. | CASE NO.  2:20-cr-0149  KJM<br><br>STIPULATION REGARDING USE OF VIDEOCONFERENCING DURING ARRAIGNMENT AND CHANGE OF PLEA HEARING; FINDINGS AND ORDER<br><br>DATE: October 5, 2020<br>TIME: 9:00 a.m.<br>COURT: Hon. Kimberly J. Mueller |

## BACKGROUND

On August 12, 2020, the United States filed an information charging defendant Cory Beck with three counts of making and subscribing a false income tax return, in violation of 26 U.S.C. § 7206(1). An arraignment and change of plea hearing in this matter is scheduled for October 5, 2020.

On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). The CARES Act empowered the Judicial Conference of the United States and Chief District Judges to authorize plea and sentencing hearings by video or telephonic conference when 1) such hearings "cannot be conducted in person without seriously jeopardizing public health and safety;" and 2) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice." *Id.*, Pub. L. 116-23 § 15002(b)(2). It also empowered Chief District Court Judges to authorize arraignments by video or teleconference. *Id.*, § 15002(b)(1).

On March 29, 2020, the Judicial Conference of the United States made the findings required by the CARES Act, concluding that "emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. § 1601, et seq.) with respect to the Coronavirus Disease 2019 (COVID-19) have materially affected and will materially affect the functioning of the federal courts generally."

On September 30, 2020, for the reasons set forth in General Order 610, 611, 612, 613, 614, 615, 616, 617, 618, 620, and 621, the Chief Judge of this District, per General Order 624, also made the findings required by the CARES Act: "[F]elony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure generally still cannot be conducted in person in this district without seriously jeopardizing public health and safety." Accordingly, the findings of the Judicial Conference and General Order 624 establish that plea and sentencing hearings cannot safely take place in person. General Order 624 also authorized arraignments by videoconference.

In order to authorize change of plea hearings by remote means, however, the CARES Act—as implemented by General Order 624—also requires district courts in individual cases to "find, for specific reasons, that felony pleas or sentencings in those cases cannot be further delayed without serious harm to the interests of justice." General Order 624 further requires that the defendant consent to remote proceedings. Finally, the remote proceeding must be conducted by videoconference unless "videoconferencing is not reasonably available." In such cases, district courts may conduct hearings by teleconference.

The parties hereby stipulate and agree that each of the requirements of the CARES Act and General Order 624 have been satisfied in this case. They request that the Court enter an order making the specific findings required by the CARES Act and General Order 624. Specifically, for the reasons further set forth below, the parties agree that:

1)      The change of plea hearing in this case cannot be further delayed without serious harm to the interest of justice, given the public health restrictions on physical contact and court closures existing in the Eastern District of California, the fact that the parties have reached a plea agreement to resolve this case, and the backlog of cases that is likely to increase in this District if criminal matters do not

proceed by videoconference when the defendant consents and resolution has been reached between the parties; and

        2)      The defendant waives his physical presence at the arraignment and change of plea hearing and consents to remote hearing by videoconference and counsel joins in that waiver.

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.      The Governor of the State of California declared a Proclamation of a State of Emergency to exist in California on March 4, 2020.

2.      On March 13, 2020, the President of the United States issued a proclamation declaring a National Emergency in response to the COVID-19 pandemic.

3.      In their continuing guidance, the Centers for Disease Control and Prevention (CDC) and other public health authorities have suggested the public avoid social gatherings in groups of more than 10 people and practice physical distancing (within about six feet) between individuals to potentially slow the spread of COVID-19. The virus is thought to spread mainly from person-to-person contact, and no vaccine currently exists.

4.      These social distancing guidelines—which are essential to combatting the virus—are generally not compatible with holding in-person court hearings.

5.      On March 17, 2020, this Court issued General Order 611, noting the President's and Governor of California's emergency declarations and CDC guidance, and indicating that public health authorities within the Eastern District had taken measures to limit the size of gatherings and practice social distancing. The Order suspended all jury trials in the Eastern District of California scheduled to commence before May 1, 2020.

6.      On April 16, 2020, the Judicial Council of the Ninth Circuit declared a judicial emergency in this District pursuant to 18 U.S.C. § 3174(d), based on the District's "critically low resources across its heavy caseload." The report accompanying the Judicial Council's declaration analyzed the public safety dangers associated with the COVID-19 pandemic and examined both the District's caseload (the District currently ranks first in the Ninth Circuit and eighth nationally in

1  weighted filings) and its shortage of judicial resources (the District is currently authorized only six

2  district judges; two of those positions are currently vacant and without nominations). The report further

3  explained that a backlog of cases exists that "can only start to be alleviated" when the CDC lifts its

4  guidance regarding gatherings of individuals.

5         7.      On April 17, 2020, General Order 617 issued, continuing court closures through June 1,

6  2020, and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

7         8.      On May 13, 2020, General Order 618 issued, continuing court closures until further

8  notice and authorizing further continuances of hearings and exclusions under the Speedy Trial Act

9  through May 2, 2021.

10         9.      Given these facts, it is essential that Judges in this District resolve as many matters as

11  possible via videoconference and teleconference during the COVID-19 pandemic. By holding these

12  hearings now, this District will be in a better position to work through the backlog of criminal and civil

13  matters once in-person hearings resume.

14        10.    The change of plea hearing in this case accordingly cannot be further delayed without

15  serious harm to the interests of justice. If the Court were to delay this hearing until it can be held in-

16  person, it only would add to the enormous backlog of criminal and civil matters facing this Court and

17  every Judge in this District, when normal operations resume.

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

1    11.    Under CARES Act § 15002(b), defendant consents to proceed with the arraignment and

2  change of plea hearing by videoconference. Counsel joins in this consent.

3    IT IS SO STIPULATED.

4

5  Dated: October 1, 2020                          McGREGOR W. SCOTT
                                                   United States Attorney

6

7                                                  /s/ MATTHEW THUESEN
                                                   MATTHEW THUESEN

8                                                  Assistant United States Attorney

9

10 Dated: October 1, 2020                          /s/ JAMES REILLY
                                                   JAMES REILLY

11                                                 Counsel for Defendant
                                                   Cory Beck

12

13                              **FINDINGS AND ORDER**

14

15    1.    The Court adopts the findings above.

16    2.    Further, the Court specifically finds that:

17         a)    The change of plea hearing in this case cannot be further delayed without serious

18 harm to the interest of justice; and

19         b)    The defendant has waived his physical presence at the arraignment and change of

20 plea hearing and consents to remote hearing by videoconference.

21    3.    Therefore, based on the findings above, and under the Court's authority under § 15002(b)

22 of the CARES Act and General Order 624, the arraignment and change of plea hearing in this case will

23 be conducted by videoconference.

24 IT IS SO FOUND AND ORDERED this 5th day of October, 2020.

25

26

27                                       CHIEF UNITED STATES DISTRICT JUDGE

28