PHILLIP A. TALBERT
Acting United States Attorney
MATTHEW THUESEN
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:20-cr-149 KJM |
|---|---|
| Plaintiff, | STIPULATION REGARDING USE OF VIDEOCONFERENCING DURING SENTENCING; FINDINGS AND ORDER |
| v. | |
| CORY BECK, | DATE: June 14, 2021 |
| Defendant. | TIME: 2:00 p.m.<br>COURT: Hon. Kimberly J. Mueller |

## BACKGROUND

On August 12, 2020, the United States filed an Information charging defendant Cory Beck with three counts of making and subscribing a false tax return, in violation of 26 U.S.C. § 7206(1). Beck pleaded guilty to those charges on October 5, 2020. Beck is scheduled to be sentenced on June 14, 2021, before this Court.

On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). The CARES Act empowered the Judicial Conference of the United States and Chief District Judges to authorize plea and sentencing hearings by video or telephonic conference when 1) such hearings "cannot be conducted in person without seriously jeopardizing public health and safety;" and 2) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice." *Id.*, Pub. L. 116-23 § 15002(b)(2). It also empowered Chief District Court Judges to authorize arraignments

by video or teleconference. *Id.*, § 15002(b)(1).

On March 29, 2020, the Judicial Conference of the United States made the findings required by the CARES Act, concluding that "emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. § 1601, et seq.) with respect to the Coronavirus Disease 2019 (COVID-19) have materially affected and will materially affect the functioning of the federal courts generally."

On April 2, 2021, for the reasons set forth in General Orders Nos. 610, 611, 612, 613, 614, 615, 616, 617, 618, 620, 621, 624, and 628, the Chief Judge of this District, per General Order 630, also made the findings required by the CARES Act: "[F]elony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure generally still cannot be conducted in person in this district without seriously jeopardizing public health and safety."

In order to authorize sentencing hearings by remote means, however, the CARES Act—as implemented by General Order 630—also requires district courts in individual cases to "find, for specific reasons, that felony pleas or sentencings in those cases cannot be further delayed without serious harm to the interests of justice." General Order 630 further requires that the defendant consent to remote proceedings. Finally, the remote proceeding must be conducted by videoconference unless "videoconferencing is not reasonably available." In such cases, district courts may conduct hearings by teleconference.

On May 26, 2021, the Chief Judge of this District issued General Order 631, which ordered that General Order 630 implementing the CARES Act remains in effect until July 1, 2021, "[t]o the extent any Judge conducts any criminal proceedings by telephone or video conference." The sentencing in this matter is scheduled to proceed by video conference.

The parties hereby stipulate and agree that each of the requirements of the CARES Act and General Order 630 have been satisfied in this case. They request that the Court enter an order making the specific findings required by the CARES Act and General Order 630. Specifically, for the reasons further set forth below, the parties agree that:

1)   The sentencing in this case cannot be further delayed without serious harm to the interest

STIPULATION REGARDING HEARING                              2

of justice, given the public health restrictions on physical contact and court closures existing in the Eastern District of California, which, pursuant to General Order 631, remain in effect until June 14, 2021, and the backlog of cases that is likely to increase in this District if criminal matters do not proceed by videoconference when the defendant consents; and

    2)      The defendant waives his physical presence at the change of plea hearing and consents to remote hearing by videoconference. Counsel joins in that waiver.

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.      The Governor of the State of California declared a Proclamation of a State of Emergency to exist in California on March 4, 2020.

2.      On March 13, 2020, the President of the United States issued a proclamation declaring a National Emergency in response to the COVID-19 pandemic.

3.      On March 17, 2020, this Court issued General Order 611, noting the President's and Governor of California's emergency declarations and CDC guidance, and indicating that public health authorities within the Eastern District had taken measures to limit the size of gatherings and practice social distancing. The Order suspended all jury trials in the Eastern District of California scheduled to commence before May 1, 2020.

4.      On April 16, 2020, the Judicial Council of the Ninth Circuit declared a judicial emergency in this District pursuant to 18 U.S.C. § 3174(d), based on the District's "critically low resources across its heavy caseload." The report accompanying the Judicial Council's declaration analyzed the public safety dangers associated with the COVID-19 pandemic and examined both the District's caseload (the District currently ranks first in the Ninth Circuit and eighth nationally in weighted filings) and its shortage of judicial resources (the District is currently authorized only six district judges; two of those positions are currently vacant and without nominations). The report further explained that a backlog of cases exists that "can only start to be alleviated" when the CDC lifts its guidance regarding gatherings of individuals.

5.      On April 17, 2020, General Order 617 issued, continuing court closures through June 1,

1  2020, and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

2       6.    On May 13, 2020, General Order 618 issued, continuing court closures until further
3  notice and authorizing further continuances of hearings and exclusions under the Speedy Trial Act
4  through May 2, 2021.

5       7.    General Order Nos. 613, 614, 615, 616, 620, 621, 624, and 628 have also issued and
6  made findings and implementing temporary emergency procedures in response to the COVID–19 crisis,
7  and these General Orders either remain in effect or have been superseded by a subsequent General Order
8  extending their provisions, with General Order 628 having expired on April 4, 2021. On April 2, 2021,
9  General Order 630 issued, authorizing further continuances of hearings and exclusions under the Speedy
10 Trial Act for another 90 days unless terminated earlier. And, on May 26, 2021, General Order 631
11 issued, ordering that General Order 630 remains in effect until July 1, 2021, to the extent a Judge
12 conducts any criminal proceeding by telephone or video conference.

13      8.    Given these facts, it is essential that Judges in this District resolve as many matters as
14 possible via videoconference and teleconference during the COVID-19 pandemic. By holding these
15 hearings now, this District will be in a better position to work through the backlog of criminal and civil
16 matters once in-person hearings resume.

17      9.    The sentencing in this case accordingly cannot be further delayed without serious harm to
18 the interests of justice. If the Court were to delay this hearing until it can be held in-person, it only
19 would add to the enormous backlog of criminal and civil matters facing this Court and every Judge in
20 this District, when normal operations resume.

21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

10. Under CARES Act § 15002(b), defendant consents to proceed with the sentencing by videoconference. Counsel joins in this consent.

IT IS SO STIPULATED.

Dated: June 10, 2021               PHILLIP A. TALBERT
                                    Acting United States Attorney

                                    /s/ Matthew Thuesen
                                    MATTHEW THUESEN
                                    Assistant United States Attorney

Dated: June 10, 2021               /s/ James Reilly
                                    JAMES REILLY
                                    Counsel for Defendant
                                    Cory Beck

## FINDINGS AND ORDER

1. The Court adopts the findings above.

2. Further, the Court specifically finds that:

    a) The change of sentencing in this case cannot be further delayed without serious harm to the interest of justice; and

    b) The defendant has waived his physical presence at the change of plea hearing and consents to remote hearing by videoconference.

3. Therefore, based on the findings above, and under the Court's authority under § 15002(b) of the CARES Act and General Orders 630 and 631, the sentencing hearing in this case will be conducted by videoconference.

IT IS SO FOUND AND ORDERED this 16th day of June 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE